SAMUEL H. CROWL

v.

FRANCIS C. NAGLE et al.

1. MECHANIC'S LIEN — *limitation of six months.* The statute requiring a proceeding to enforce a mechanic's lien to be brought within six months after the last payment is due, requires that mechanics and material-men shall enforce their rights against all parties having an interest, or claiming an interest, in the premises, by suit to be brought against them within the six months.

2. Where suit was brought against the contracting party to enforce a mechanic's lien within six months after the last payment became due, but an incumbrancer and a purchaser under the incumbrance were not made parties within such time, but were brought into the case by amendment after the expiration of the statutory period, it was *held,* that no lien could be enforced as against such new parties to affect their rights.

3. SAME — *strict construction.* A party seeking to enforce a lien under the statute relating to mechanics' liens, must, by his pleading, bring himself strictly· within its terms, and show his right to the lien as against those made defendants.

4. NEW PARTIES *by amendment.* Where a new party defendant is brought into a suit to enforce a mechanic's lien by amendment of the petition, the suit as to him is brought only from the time he is made a party, and it can have no relation back, so far as he is concerned, to the time of bringing suit against the original defendants.

APPEAL from the Circuit Court of Cook County; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. UPTON, BOUTELL & WATERMAN, for the appellant.

Mr. T. A. MORAN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the Cook circuit court, to enforce a mechanic's lien. The petition was filed to the June term, 1872, in which Francis C. Nagle was complainant, and Clarissa Filkins, John L. Manning, and Charles P. Marsh ·were defendants, who appeared and answered, and to their answers replications were filed. At the June term, 1874, the petition was amended by making James E. Dalton a

party petitioner. No further step seems to have been taken in the cause until at the November term, 1875, when the petition was further amended, on the motion of the petitioners, by making Samuel H. Crowl a defendant. Notice to him was given by publication, and at the March term, 1876, he put in a plea, duly verified, alleging that on January 16, 1873, Clarissa Filkins executed to one Edwin Rogers a trust deed of the premises described in the petition, to secure the payment of $1,000 in one year from the date thereof, with interest at ten per cent per annum, which deed was duly recorded on January 18, 1873. It then avers default in the payment, a sale by Rogers, on the application of the holder of the note, on February 23, 1874, and a conveyance thereof to him, Crowl, and further averring that he took immediate possession of the premises, and has ever since remained in possession; alleging that the suit and proceedings against him were commenced on November 11, 1875, more than two years after the completion of the contract set out in the petition, and more than two years after the last payment for labor and materials became due and payable as alleged in the petition. The plea further avers that this attempt to enforce a mechanic's lien is to the prejudice of defendant as a creditor, and to the prejudice of the incumbrance made by the said Clarissa Filkins, quoting the statute.

The plea was duly set down for argument, and the same was overruled by the court and a decree passed as prayed, directing the sale of the interest of defendant Crowl, as well as that of the other defendants, in satisfaction of the lien.

To reverse this decree Crowl appeals, insisting that no suit was instituted against him within six months after the last payment became due and payable, and that the same is a condition precedent to the enforcement of the lien to the prejudice of any creditor or any incumbrance, as in his plea alleged.

Section 28 of chapter 82, title "Liens," is as follows:

" No creditor shall be allowed to enforce the lien created under the foregoing provisions, as against or to the prejudice of any other creditor, or any incumbrance, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable." Rev. Stat. 1874, p. 668.

It is insisted by appellees that the institution of proceedings to enforce a lien against Clarissa Filkins, John L. Manning, and Charles P. Marsh, within the statutory time, was a compliance with the statute, and appellant could be made a party at any subsequent time before a final decree.

This involves the construction of the section quoted, which it has not received by any adjudication of this court to which we have been referred. The lien given to the mechanic and material-man, as against creditors and incumbrancers, is upon the condition that suit shall be instituted within six months.

Appellant contends there has been no compliance with this condition, for the reason, the suit, although commenced against the contracting party and the then owner of the premises within the six months, that he, being an incumbrancer, was not brought into the case until more than three years thereafter, and should not be prejudiced by the proceeding.

The suit to enforce the lien was commenced and was pending at the June term, 1873, to which all the parties therein named appeared and answered. It is not denied this was within the six months next after the last payment became due and payable, and therefore in time. Now, the question is distinctly made, and argued at great length, that although appellant purchased the premises, before the petition was filed, of the trustee of Clarissa Filkins, one of the defendants, and he not made a party to the suit until 1875, as to him more than six months had elapsed, and his interest, therefore, is not subject to the lien.

Is this a fair construction of the statute? It is conceded no liberal intendment or construction will be given to this

act, and this is the doctrine of this court. A party, therefore, seeking the benefit of this statute, must, by his pleading, bring himself strictly within its terms.

We think, after a careful consideration of the arguments presented to us, that the plain meaning and intention of the statute, when strictly yet fairly construed, is that mechanics and material-men shall enforce their rights against all parties having or claiming to have an interest in the premises, by suit to be commenced against them within six months. It will not do to say a suit was commenced against the party contracting for the labor or materials, for he may have no interest whatever in the premises. The law means that parties having an interest shall be the parties to the suit. In this particular case, and it would be so in most cases, there was no obstacle in the way of making appellant a party within the six months, as the deed conveying the premises to him was on record before the petition was filed. Great hardships and difficulties would result from a different construction of this act. None can result from the construction we have given it, and it seems to quadrate with reason and justice.

It seems to be conceded by appellees that appellant occupies the position of an incumbrancer. On that concession we think the statute is clear he should have been a party to the petition, and made so within the statutory limitation. Appellant was brought into the case, after the lapse of more than two years, by an amendment to the petition. So far, then, as he is concerned there was no suit pending against him within the six months, but only from the time of the amendment. This can have no relation back to the time of commencing suit against the original parties. Story's Eq. Pl. sec. 904. It is unnecessary to remark specially upon the cases cited by appellees, as they do not seem to have any direct bearing upon the point in issue.

We are satisfied a fair and reasonable construction of the statute requires a suit should be commenced against a party claiming an interest in premises within six months after the

last payment was due and payable, before his rights can be cut off. No suit having been commenced against the incumbrancer, the rights of the purchaser must be subordinate to his. Bringing him in, at a time subsequent, is, in effect, commencing a suit against him at that time. Similar views are expressed in *Dunphy* v. *Riddle et al. ante*, p. 22.

For the reasons given, the decree is reversed and cause remanded.

*Decree reversed.*