JOHN F. FURY, Appellant, v. ADOLPH BOECKLER ET AL., Respondents.

### May 7, 1878.

The ninety days after which no lien is to continue to exist unless the statutory conditions are complied with are not a period of repose, to bar actions, but are a limit to the existence of the lien; and where a subcontractor fails to make the original contractors parties defendant in a suit against the owner to enforce a mechanic's lien against the property, he cannot bring them in after the expiration of the ninety days.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

FISHER & ROWELL, for appellant: The court has the power to allow the contractors to be brought in and made parties defendant. — *Foster* v. *Skidmore*, 1 E. D. Smith, 703; *Scoville* v. *Chapman*, 17 Ind. 470; *Witte* v. *Meyer*, 11 Wis. 295; *Hartman* v. *Sharp*, 51 Mo. 30; *Mann* v. *Schorer*, 50 Mo. 306. Where the lien is given, the statute is to be liberally construed and the lienor allowed the greatest latitude in perfecting his lien. — *Goodin* v. *Duross*, 5 Mo. App. 289; *Putnam* v. *Ross*, 46 Mo. 337; *Oster* v. *Rabenau*, 46 Mo. 595.

H. N. HART, for respondents.

HAYDEN, J., delivered the opinion of the court.

This is a suit to enforce a mechanic's lien for painting, etc., done upon a house by a subcontractor. The original

petition, filed on August 19, 1875, though it stated who the original contractors were, did not make them defendants, but pursued only the owners of the property. Afterwards and on January 21, 1877, the plaintiff, by leave, filed his amended petition, in which the contractors were made defendants, and to which they subsequently filed their answer. The original defendants, the owners, afterwards filed a motion to set aside the order of court by which leave was granted to the plaintiff to file his amended petition, and to strike from the files that petition and the appearance and answer of the original contractors. This motion the court below sustained, set aside the order as made, and directed that the amended petition by which the contractors were brought in be struck from the files. The plaintiff then filed another petition, in which the owners alone were made defendants, and upon demurrer to this petition judgment was finally given for the defendants.

It ought not to seriously be contended that where a subcontractor sues he may in spite of objection properly taken make the owners defendants and obtain a special judgment without joining the contractors. Intimations of this kind, if they have fallen from courts, in reference to statutes like our own should be regarded as inadvertencies. No privity of contract exists between owner and subcontractor: the contractor is the link which connects the two. It is manifestly unjust to the owner, against whom the law operates with sufficient hardship if fairly construed, that apart from the contractor he should be forced to defend against a claim of which he may know nothing. The law, on this point should be regarded as settled. Wag. Stats. 910, sect. 9; *Horstkotte* v. *Menier*, 50 Mo. 158; *Putnam* v. *Ross*, 55 Mo. 116; *Hassett* v. *Rust*, 64 Mo. 325.

In the case at bar the subcontractor chose to sue without making any of the original contractors defendants. They were brought in by an amended petition filed long after the original petition. The owners, who were the original defendants, objected, and the question arises as to the right of the

subcontractor, under the act, to enforce a mechanic's lien when the contractors are brought in, not within the time limited by the act for the bringing of the suit, but at some indefinite period thereafter. The reference in the Mechanic's Lien Act to the Civil Practice Act (Wag. Stats. 309, sect. 8) is merely general, and that act applies only in subordination to the provisions of the lien law itself. The bringing suit to enforce the lien must be in conformity to the previous proceedings and with the express requirements of the statute. Sect. 16 of the act provides, that " all actions under this chapter shall be commenced within ninety days after filing the lien, etc; and no lien shall continue to exist by virtue of the provisions of this chapter for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon as hereinbefore prescribed."

If the plaintiff may at first voluntarily leave out the original contractors and pursue the owners only, and the owners may not then take their objections, the express provisions of the statute would seem to be violated. If the owners may take their objections, it is because the suit is not brought as the statute prescribes that it should be. The proceeding is special, and the person who claims under it must bring himself within its special provisions. The ninety days after which no lien is to continue to exist unless the conditions of the law are complied with are not provided as a period of repose, to bar actions; on the contrary, they are a limit to the existence of the lien, and the burden is on the plaintiff to show that he has complied with the condition upon which the statute makes the continued existence of the lien depend. If the action is not commenced as to the contractors until long after the limit has expired, it is not commenced as contemplated by the statute, and, if the owner makes the objection at the proper time, the special judgment should be denied.

The judgment of the court below is affirmed. All the judges concur.