ALBERT G. RUGGLES
v.
JOHN BLANK.

1. PRACTICE—VARIANCE.—Where the case, as made by appellee in his petition for a mechanic's lien against appellant and A, was simply one of a sale and delivery by him of lumber, etc., to A to be used by the latter in erecting a house, and the case made by the proof was a purchase of the lumber by appellee of B, and a delivery of the same to A, on the promise to pay B for the same. *Held*, that the case made out by the proof is so variant from the one stated in the bill, that the petition should be dismissed.

2. PLEADING—MECHANIC'S LIEN.—A party seeking to enforce a lien under the statute relating to mechanics' liens must, by his pleadings, bring himself strictly within the terms of the law, and show his right to the lien as against those made defendants.

3. SUIT BY SURETY FOR MECHANIC'S LIEN.—Where lumber was furnished by B to A, who had the equitable title to the land, on which he built a house with said lumber, and appellee was the surety or guarantor to B that he would see the lumber paid for, and did afterward pay such bill. *Held*, that for the lumber so paid by him as surety or guarantor, the statute gives him no right to a mechanic's lien on the house or lots.

4. OWNER OF LAND GIVING BOND FOR A DEED TO PURCHASER—LIEN. —Two lots were sold by M. to A, and a deed left as an escrow, to be delivered to A upon the payment of the note given for the purchase money. A

built a house on the land, but did not pay for the lumber. A being unable to pay the note, by arrangement the deed left as an escrow was surrendered, and appellant paid to M. the amount due, and by order of A received from M. a deed of the lots, and appellant gave to A an instrument in writin r, agreeing to re-convey to A upon payment, etc. Appellee, who was A's sure'y for the payment of the lumber, files a petition for a mechanic's lien against appellant and A. *Held*, that appellant occupies the position M. occupied when he conveyed the lots to him, and he can not now be required to part with his title until he receives full payment of the purchase money he paid for the lots.

APPEAL from the Circuit Court of Cass county; the Hon. C. EPLER, Judge, presiding. Opinion filed November 21, 1884.

Messrs. MORRISON & WHITLOCK, for appellant; that the Mechanic's Lien Law was passed for the benefit of builders and material men, and can not be extended by implication, cited Cook v. Heald, 21 Ill. 425; Brady v. Anderson, 24 Ill. 110; Rothgerber v. Dupuy, 64 Ill. 452; Arbuckle v. I. M. R. R. Co., 81 Ill. 429; Greenwood v. Town Man. Co., 2 Swan (Tenn.), 130.

Blank did not *furnish* the lumber and can not be substituted to the legal rights of the Russells so as to enforce the lien: C. & V. R. R. Co. v. Fackney, 78 Ill. 116; Fitzgerald v. First Pres. Church, 1 Mich. (N. P.) 243; Roberts v. Fowler, 4 Abbott Pr. (N. Y.) 263; Rollin v. Cross, 45 N. Y. 767; Caldwell v. Lawrence, 10 Wis. 331; Pearsons v. Tincker, 36 Maine (1 Heath.), 384; Tuttle v. Home, 14 Minn. 145; Jaege v. Bossieux, 15 Grattan, 83.

Appellant occupies as favorable a position as Mather would have occupied had he not conveyed the land to appellant or Laird: Hickox v. Greenwood, 94 Ill. 266; Pratt v. Pratt, 96 Ill. 184; Phoenix M. L. Ins. Co. v. Batchen, 6 Bradwell, 621.

Mr. GEORGE L. WARLOW, for appellee; that a deed absolute in terms if intended to secure an indebtedness is a mortgage, cited Ewart v. Walling, 42 Ill. 453; Preschbaker v. Heirs, etc., 32 Ill. 475.

DAVIS. J. This was a petition filed by appellee against appellant and Ernest E. Laird to enforce a mechanic's lien

against two town lots, on which it is claimed a house was erected by Laird with materials furnished by appellee.

Blank, in his petition, claims that on April 2, 1882, he sold and delivered to Ernest E. Laird a certain bill of lumber, hardware and tinware, to be used by him in erecting a house on certain described lots in Ashland, for which materials Laird agreed to pay him in sixty days, or before June 24th following.

Laird withdrew a demurrer he had filed to the petition and making a default, suffered a decree *pro confesso* to be taken against him. Appellant answered the petition, denying in his answer that appellee sold and delivered to Laird, on a contract or otherwise, the lumber to build the house on the lots as alleged in the petition, but claimed that the lumber with which the house was built was sold to Laird by J. S. and G. S. Russell, and Blank was security to the Russells for the payment of the lumber they sold to Laird.

Evidence was heard before the master in chancery, and on the hearing before the court a decree was rendered in favor of appellee for the sale of the lots and a distribution of the proceeds. An appeal was taken by appellant to reverse the decree.

It was clearly proved by the clerk of the Russells who made the sale, that the lumber with which the house was built was sold by the firm to John Blank and charged to him, and he was looked to for the payment of the bill.

The firm refused to sell the lumber to Laird, but was willing to sell it to Blank, and it was agreed by appellee that if the firm would let it go out he would see it paid, and the lumber was furnished on those terms.

The testimony of appellee was substantially the same. He claimed to have paid the Russells for the lumber. All he claimed to have furnished himself was some tin gutters and pipe which was worth about three dollars. The itemized bill of the lumber was made out by J. S. & G. S. Russell against John Blank for lumber furnished E. Laird, April 25, 1882, and was dated February 5, 1882, and amounted to $108.65.

It is a very familiar rule in chancery that the allegations

and proofs must correspond.  A complainant must recover, if at all, on the case made by his bill.  He is not permitted to state one case in the bill and make out a different one in proof. Although a good case may appear in the evidence, yet if it be variant from the one stated in the bill the bill will be dismissed.  McKay v. Bissett et al., 5 Gilm. 499.

Tested by this rule the petition in this case should have been dismissed by the court below.  The case as made by appellee in his petition was purely and simply one of a sale and delivery by him of lumber, hardware and tinware to Ernest E. Laird, to be used by the latter in erecting a house on certain lots described therein.  The case made by the proof is a purchase of the lumber by John Blank of J. S. & G. S. Russell, and a delivery of the same to Ernest E. Laird on the promise to pay the Russells for the same.

The evidence utterly failed to prove the case as set forth in the petition and for that reason appellee was not entitled to the decree granted him by the court.

The case made by the proof was not only so variant from the one set out in the petition as to require the dismissal of the petition, but it is one which, if properly set out in the pleadings, would not entitle appellee to a mechanic's lien.

A party seeking to enforce a lien under the statute relating to mechanics' liens must, by his pleadings, bring himself strictly within the terms of the law and show his right to the lien as against those made defendants.  Crowl v. Nagle et al., 86 Ill. 437; Belanger et al. v. Hersey et al., 90 Ill. 70.

Sec. 1, Chap. 82, Revised Statutes, 1874, provides, "That any person who shall by contract, express or implied, or partly express or partly implied, with the owner of any lot or piece of land, furnish labor or materials or services as an architect or superintendent in building, altering, repairing or ornamenting any house or other building or appurtenances thereto on such lot, or upon any street or alley and connected with such building or appurtenance, shall have a lien upon the whole of such tract of land or lot, and upon such house or building and appurtenances for the amount due to him for such labor, material or services."

The evidence does not show that appellee furnished the lumber with which the house erected on the two lots was built. The lumber was furnished by J. S. & G. S. Russell to Ernest E. Laird, who had the equitable title to the lots, and was by him used in the building of the house.

Appellee was the surety or guarantor to the Russells that he would see the lumber paid for, and did afterward pay them the amount of their bill of lumber charged to him. For the money so paid by him as surety or guarantor, the statute gives him no right to a mechanic's lien on the house or lots.

Even if he could be subrogated to the rights of the Russells, it would be under a bill framed differently to the petition in this case.

The court also erred in decreeing that the rights of Albert G. Ruggles are subject to the rights of John Blank, and in decreeing that out of the proceeds of the sale of the premises, after paying costs of the proceeding and expenses of sale, the commissioner appointed to sell should pay to John Blank the sum of $115.10 and interest due on same, and the surplus, if any, to Ernest E. Laird.

The evidence clearly established that the two town lots on which the house was built were owned in fee by the heirs of John Mathers and were sold to Ernest E. Laird, and a deed made and placed as an escrow in the hands of a banker, to be delivered to Laird on his paying the amount of a note given by him at the time of the sale for $110. Laird took possession of the lots and built the house, but was unable to pay the note given for the purchase money; and an arrangement was made with him by appellant under which the deed left as an escrow was surrendered, and appellant paid to the Mather heirs the sum of $112.35, and by order of Laird received a deed from them dated August 26, 1882, by which they conveyed to him in fee the two lots in question, and appellant gave to Laird an instrument in writing by which he agreed that he would make Laird a warranty deed to the lots on the payment by Laird to appellant of $375 by February 1, 1884.

It was held in Hickox v. Greenwood, 94 Ill. 266, that

Ruggles v. Blank.

" w iere the owner of land gives a bond or contract for a deed to the purchaser, who procures a building to be erected thereon, the lien of the mechanic attaches upon the purchaser's interest only, and the vendor can not be required to part with his title until he receives full payment of his purchase money. The vendor in such case does not occupy the position of a prior incumbrancer within the meaning of Sec. 17 of the Mechanic's Lien Act. Where a mechanic's lien is established against a party holding a lot under a bond for a deed, who has not paid the purchase money, a sale of the property should be ordered, subject to the rights of the vendor, and out of the proceeds the mechanic should first be paid and then the amount due any subsequent incumbrancer, and the balance, if any, to the party against whom the lien exists."

We think in the case before us, that appellant, by paying the amount of purchase money due the Mather heirs and obtaining the legal title to the two lots on which the house was built, occupies the position the heirs occupied when they conveyed the land to him and that he can not now be required to part with his title until he receives full payment of the purchase money he paid for the lots. And therefore, if the lien of appellee be at any time established, the lots can only be sold subject to the right of appellant, or if sold, that out of the proceeds of sale, appellant be first paid the sum of $112.35, with interest from the day he paid such sum to the Mather heirs.

The decree of the circuit court must be reversed and the cause remanded.

Decree reversed.