J. B. SMITH *et al.*, Appellants, v. MAGGIE D. BARRETT *et al.*, Respondents.

Kansas City Court of Appeals, May 19, 1890.

1. **Charter of Kansas City**: SPECIAL TAX BILL: SUIT AGAINST RECORD OWNER. Under the charter of Kansas City, suit to enforce a special tax bill must be brought against the record owner at the time of the institution of the suit and not at the time of the issuance of the tax bill.

2. ———: LIEN OF SPECIAL TAX BILL : LIMITATION TWO YEARS. The provision of such charter declaring such lien of a special tax bill shall continue for two years, but no longer, unless suit be brought to collect the same within two years from the issue thereof, etc., is not a statute of repose to bar actions, but is rather a limit to the existence of the lien ; and so, where an action was commenced within two years against the owner at the time of the issue of the tax bill, and, after the expiration of two years from the date of the tax bill, the petition was amended and the owner, at the time of the institution of the suit, was made a party and brought in by summons, it is *held* that the lien was dead and could not be enforced.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Lathrop, Smith & Morrow*, for appellants.

(1) In action for the enforcement of a tax lien, the "owner" is the person in whom title is vested as appears by the public records. *Vance v. Corrigan*, 78 Mo. 94; *State v. Sack*, 79 Mo. 661 ; *Kuhleman v. Schuler*, 35 Mo. 142 ; *Schaeffer v. Lohman*, 34 Mo. 68. (2) The charter under which the tax bill was issued contemplates the bringing of suit against the persons who own the property at the time the lien attaches to it. Sess. Acts, 1875, p. 252. (3) This suit was

brought within the two years named in the charter, and was not barred as to defendant Donnell. Sess. Acts, 1875, p. 252 ; *Dougherty v. Downey*, 1 Mo. 674; *Wright v. Pratt*, 17 Mo. 43 ; *Gosline v. Thompson*, 61 Mo. 471.

*W. C. Stewart*, for respondents.

(1) Appellants in the statement of their first point assume, that suit to enforce the lien of a special tax bill must be brought against the owner of the property as a matter of law, and then affirm that the owner is the person in whom the title is vested as appears by the public records. Citing as authority : *Vance v. Corrigan*, 78 Mo. 94 ; *State v. Sack*, 79 Mo. 661. Respondents repeat these authorities and add *Crane v. Dameron*, 98 Mo. 567. (2) The cases of *Kuhleman v. Schuler*, 35 Mo. 142 and *Schaeffer v. Lohman*, 34 Mo. 68, referred to by appellants, are not authority in this case. These cases are based on a special law of 1856-7, relating to mechanics' liens in the city of St. Louis which declared that the parties to the contract should, and those interested in the property might, be made parties to the suit to enforce the lien. (3) The charter under which the tax bill here was issued does not contemplate the bringing of suit against the parties who own the property at the time the lien attaches as claimed by the appellants, where the record shows, or it is otherwise known, that others are the owners at the time suit is brought. But the rule is, unless it be otherwise specifically declared by statute, that the suit to take the title from one person and give it to another must always be brought against the owner of the land charged as in this case. The owner must have an opportunity to contest the validity of the proceeding as a charge upon his property, or otherwise to discharge the lien or claim if he so desire. To bring a suit against parties known not to be the owners as was done in this proceeding is a fraud. *Vance v. Corrigan*, 78 Mo. 96-7. (4) This suit was

not brought by the appellants within two years after the issuance of the tax bill within the meaning of the charter of Kansas City. The suit there contemplated is a suit legally brought, on which a valid judgment could be rendered in favor of the plaintiffs against the defendants. In this action plaintiffs could not have recovered a valid judgment against the Barretts, nor would a purchaser at a sale based on it take any title against Donnell, the then record owner. *Vance v. Corrigan*, 78 Mo. 95–96, and authority there cited. The suit as it was brought, and when it was brought, was a nullity. (5) It could not be amended. The plaintiffs, in the light of the record, had no cause of action against the defendants, the Barretts, as is shown by their own evidence. The recorded deed of Barretts to Donnell, before suit brought against Barretts, was full notice to the holder of the tax bill.

*Wash. Adams* and *Lathrop, Smith & Morrow*, for appellants in reply.

That Donnell, as the holder of the title, by deed recorded subsequent to the creation of the lien of the tax bill, when not made a party to the suit to collect the same, has a right of redemption and nothing more, is settled by repeated adjudications of the supreme court of the state. *Olmstead v. Tarsney*, 69 Mo. 396 ; *Corrigan v. Bell*, 73 Mo. 53–57 ; *Keating v. Craig*, 73 Mo. 507, 509 ; *State v. Railroad*, 77 Mo. 202, 220–221 ; *Stafford v. Fizer*, 82 Mo. 393, 400 ; *Gitchell v. Kreidler*, 84 Mo. 472 ; *Bank v. Grewe*, 84 Mo. 477 ; *Cowell v. Gray*, 85 Mo. 169 ; *Allen v. McCabe*, 93 Mo. 138 ; *Williams v. Hudson*, 93 Mo. 524. By being made a party defendant to the suit upon the tax bill, Donnell's right of redemption will be cut off if he permits the property to go to sale under the tax-bill judgment. Under any view of the case that can be taken, plaintiffs have a right to enforce the collection of the tax bill against the property described therein. The Barretts are proper parties

defendant, because Maggie D. Barrett was the record owner of the property at the time the tax bill was issued and the lien against the property created. Donnell is a proper party defendant in order that his after-acquired recorded title may be subjected to the payment of the bill and his right of redemption cut off.

GILL, J.—This is an action brought to foreclose the lien of a special tax bill for paving Grand avenue in Kansas City. The tax bill was issued on the twenty-ninth day of December, 1884. Prior to this date, to-wit, on January 4, 1883, Maggie Barrett, the former owner, had conveyed the lot charged by the tax bill to M. S. C. Donnell, but said deed was not recorded till August 10, 1885. Forty-seven days after the deed to Donnell was recorded, and on September 26, 1885, the plaintiffs commenced this suit against the said Maggie Barrett and her husband. Donnell, though then the record owner, was not sued at that time ; but, subsequently, on April 13, 1887, plaintiffs amended their petition, joining Donnell as a codefendant with the Barretts. He was brought in by summons, and in his answer pleaded the expiration of two years from the issue of the tax bill as a bar to the action. Defendants Barrett simply entered a disclaimer as to the real estate charged and asked to be dismissed with their costs. The circuit court, trying the cause, gave judgment for defendants, and plaintiffs have appealed.

I. The points at issue, between these litigants, are these : *First.* Was this action (commenced in September, 1885) properly brought against *Barrett,* who was the *record owner when the tax bill was issued,* or should it not rather have been brought against *Donnell,* who was the record owner at the *institution of the suit ? Second.* Admitting Donnell to have been the necessary party defendant in the first instance, was the action saved by bringing him in as a codefendant with

Barrett by an amended petition and summons on April 13, 1887, which was more than two years after the tax bill was issued? By reading the foregoing statement, it will be observed that when the tax bill was issued the record of conveyances for Jackson county showed title of the lot to be in Barrett, but when the suit was brought the same record of conveyances gave the information that Donnell was the owner, by deed from Barrett executed prior to the issue of the tax bill.

This tax bill was issued in pursuance of article 8, Kansas City charter (Laws of 1875, p. 250, *et seq.*), wherein, under certain conditions, it provided that a street may be paved, and the costs thereof charged to abutting property. Section 4 of this article prescribes how such tax bills may be enforced by suit. We quote briefly from this section: "Sec. 4. Every such tax bill shall be a lien on the property therein described, against which the same may be issued" (and from the date of issue) " and such lien shall continue for two years thereafter, but no longer, unless suit be brought to collect the same within two years from the issue thereof, in which case the lien shall continue until the determination of the legal proceedings to collect the same." * * * Then, after providing that suit may be brought to enforce such lien in any court of competent jurisdiction, the section continues: "No such tax bill need give the name of any party owning or interested in the land charged and bound by the lien, and, before suit, the owner of any part or severalty, or undivided interest in any land charged by any tax bill, may pay his share separately, in which case his interest shall not be further liable in case of suit; all such, or any of the owners of the land charged, or any estate or interest therein, may be made defendants, but only the right, title, interest and estate of the parties, made defendants in any suit, shall be affected or bound thereby, or by the proceedings therein. In case any owner of the ground

or of any interest therein is unknown, or a non-resident," etc., provision is made for publication, etc. Then, in prescribing nature of petition, etc., the section continues : "It shall be sufficient for the plaintiff to plead 'the issuing tax bill, assignment thereof (if assigned),' and allege that the party or parties made defendants *own or claim to own* the land charged, or some estate or interest therein as the case may be." The statute then declares the judgment, and execution thereon, shall be special—a lien and charge on the land to be enforced and executed as in other proceedings on special executions from the circuit court, and then that "any such special-judgment shall bind all the right, title, interest and estate in the land that defendants, and each of them, own at the time of the lien of the tax bill commenced, or acquired afterwards, and a sale on execution thereon shall vest all of such right, title, interest and estate in the purchaser, but parties interested in the land, not made defendants, shall not be affected thereby, and if they claim through or under any parties defendant, prior to suit brought, may redeem from the purchaser, or otherwise assert their rights, according to equity and good conscience."

Now, the pivotal question is, against whom, under the terms of this statute, should plaintiffs have proceeded to enforce this tax bill against the lot in question? Should they have sued Barrett, the record owner when the bill was issued, or Donnell, the record owner when the action was commenced? Both sides concede that by *owner*, as mentioned in the statute, is meant that person whom the public records show to be vested with the title—and this, in the absence of knowledge to the contrary, is the well-settled law of this state, in actions of this nature. *Vance v. Corrigan*, 78 Mo. 94, and numerous other cases following this ; 85 Mo. 169 ; 90 Mo. 676 ; 96 Mo. 546 ; 98 Mo. 567. After much consideration and reflection over the terms of this statute,

we yield to the contention of defendants' counsel, and hold that the action should have been brought against Donnell, who was the record owner at the commencement of this action. We are of the opinion that this rule better conforms to the words and spirit of the act, better consists with reason and justice, than as contended for by plaintiffs' able counsel. As an original proposition, and one of first impression, reason and fair dealing would suggest that if A.'s land ( which he now owns ) is to be charged absolutely with the payment of a sum of money—if a proceeding is to be carried through the courts, resulting in an incontestible judgment against his property—it would seem, I say, in all fairness that *he*, above all others, should have notice and the right to defend. "The chief object in having the owner brought in would seem to be to enable him to contest the validity of the proceedings as a charge on his property." 78 Mo. 96. That portion of the section, too, quoted above ( and which relates to the contents of the petition to be filed ) quite obviously looks to the owner when suit is brought as the necessary party defendant. It reads that the petition should "allege that the party or parties made defendants *own or claim to own* the land charged," etc. "Own," *when?* The answer is, "Now"—*own now*. Not that *when the tax bill was issued* defendants owned, but the petition must allege who are the owners *now*—at the institution of the suit. So again, referring to the foregoing section 4, the special judgment rendered in said suit shall bind all the interest that these defendants may have owned at the issue of the tax bills, or which they may have *afterwards acquired*. "Defendants" here mentioned, of necessity, means those interested in the property at the institution of the suit, and all the interest they then have, whether owned at the date of the tax bill or since acquired, is bound by the judgment. If the status of the title at the issue of the tax bill fixes the liability,

why mention title "acquired afterwards?" Suits against the "owner or owners of property" to enforce payment of general real-estate taxes, under section 6837, Revised Statutes, 1879, are uniformly held properly brought against the owner, or owners, as shown at the time by the registry of deeds. 96 Mo. 546, and cases cited. We are further strengthened in the conviction that the legislature did not intend the law as contended for by plaintiff's counsel, by reference to article 7 of the same charter act, which has to do with the opening streets and condemning private property therefor. There it was thought best to proceed against the owners who appeared such at the date of the passage of the ordinance, and the same act so expressly provides, and in these words: "It shall be sufficient to bring in the owners of property who may be such at the date of the passage of the ordinance providing for the improvement, and all parties claiming or holding through or under such owners, or any of them, shall be bound by the proceedings without being brought in." The existence of such a provision in proceedings to open streets, etc., and the absence thereof in the article relating to enforcement of liens for paving streets, tends to show that a different rule was intended.

II. It being determined, then, that Barrett was not the *owner* contemplated by the charter, and against whom suit should have been commenced, but that Donnell was the proper party defendant, as he was then the record owner, the remaining question is, was the lien preserved and the right of action saved by bringing Donnell in as defendant on April 13, 1887. We have no hesitancy in answering this question in the negative. It is provided by section 4 of the charter, as quoted in this opinion, that every such tax bill shall be a lien from the date of its issue, "and such lien shall continue for two years thereafter, *but no longer*, unless suit be brought to collect the same within two years

from the issue thereof," etc. This suit was not brought against the owner, Donnell, as the statute directed, until more than two years after the issue of the tax bill. Said bill was issued in December, 1884, while Donnell was sued in April, 1887. The action pretended to be brought against Mrs. Barrett and her husband in September, 1885, was as if brought against any other party who may never have been in any manner interested in the property. The suit *contemplated by the charter* was an indispensable prerequisite to perpetuate the lien, and extend it beyond the two years' limitation. As said by the St. Louis Court of Appeals in a similar case: "The proceeding is special, and the person who claims under it must bring himself within its special provisions." The two years, after which the lien is to terminate, is not a mere statute of repose to bar actions, but is rather a *limit to the existence of the lien*, and the burden is on the plaintiff to show that he has complied with the conditions upon which the statute makes the continued existence of the lien depend. 6 Mo. App. 26. There was no suit brought within two years—the proceeding against the Barretts was a mere nullity. No suit against the owner being brought within the two years, the lien was gone. *Fary v. Boeckler*, 6 Mo. App. 24; *Dunphy v. Riddle*, 86 Ill. 22; 86 Ill. 437; 95 Ill. 580; 96 Ill. 146. The right to amend pleadings is not properly a matter of discussion here. Plaintiffs claim to have had a special tax lien against defendant Donnell's real estate, by virtue of the tax bill issued in December, 1884. It was a creature of statute creation. The law of its existence limited its life to two years, unless suit was commenced against Donnell within said two years. This was not done, and the lien is now dead, without hope of revival.

Judgment affirmed. All concur.