## Horace H. Mosier and Wife, and Number Four Fidelity Building and Savings Union v. The Flanner-Miller Lumber Co.

1. STATUTES OF LIMITATION—*As to Parties Brought in by Amendment.*—The statute concerning the enforcement of mechanics' liens providing that suit shall be commenced within two years after filing the claim with the clerk of the Circuit Court operates as a bar in favor of parties brought in by amendment after the lapse of the time limited by the statute.

2. PRACTICE—*Where a Demurrer is Overruled.*—Where a demurrer is overruled to a petition which is in fact defective as to the parties demurring, such parties are not bound to answer the petition, but may rely upon an appeal or proceeding in error for a protection of their rights.

3. PARTIES—*Purchasers Pendente Lite.*—A purchaser *pendente lite* need not be made a party to a mechanics' lien proceeding.

4. SAME—*Who May Prosecute a Writ of Error.*—One who is a party or privy to the record, or is injured by the judgment, and who will consequently derive advantage from its reversal, may bring a writ of error to reverse it.

Mechanics' Lien Proceedings.—Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed in part and reversed in part. Opinion filed November 19, 1896.

P. V. HOFFMAN, attorney for plaintiffs in error.

William Vocke and John J. Healy, attorneys for defendant in error.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This writ is prosecuted to obtain a reversal, as to the plaintiffs in error, of a decree entered in a mechanic's lien proceeding instituted by the defendant in error.

Neither one of the plaintiffs in error were made parties to the original petition for the lien.

The petition was filed July 28, 1894, and alleged that the contract for the buildings was made on or about October 1, 1892, and that the statutory claim for a lien was filed with the clerk of the Circuit Court on October 16, 1893.

On March 7, 1896, the petition was amended by making Horace H. Mosier and his wife, two of the plaintiffs in error, parties defendant, and the amendment then filed, was as follows:

" And now comes the Flanner-Miller Lumber Company, a corporation, complainant herein, and prays that John D. Caldwell and Horace H. Mosier may be made parties defendant herein.

And your orator further shows unto your honors and states that John D. Caldwell and Horace H. Mosier have or claim to have some interest in the above described premises, as purchasers, judgment creditors or otherwise, which interest, if any, has accrued subsequent to the said lien of your orator and is subject thereto.

Your orator therefore asks the aid of this honorable court in the premises and makes the said John D. Caldwell and the said Horace H. Mosier and —— Mosier, his wife, parties defendant to this bill,   *   *   *   and that the allegations, averments and statements in said original bill contained may apply to said last named defendants as fully, to all intents and purposes, as if they had been originally made parties thereto.

May it please your honors to grant unto your orator the writ of summons in chancery, directed to the sheriff of Cook County aforesaid, commanding him that he summon-

the said defendants, John D. Caldwell, and Horace H.
Mosier and ——— Mosier, his wife, to appear before the said
court on the first day of the next April term thereof, to be
held at the court house in the county of Cook aforesaid,
then and there to answer all and singular the premises and
to stand to and abide by and perform such order and decree
therein as shall seem agreeable to equity and good con-
science, and your orator will ever pray, etc.

FLANNER-MILLER LUMBER Co.,

by Vocke & Healy, its Solicitors."

It thus appears that more than two years after the claim
for lien was filed with the clerk of the Circuit Court, the
Mosiers were made parties, and allegations were made
against them which, under the rule as to the amendment of
pleadings in equity, related back to the filing of the original
petition. There was no allegation that their interest as
purchasers, or otherwise, was acquired *pendente lite*, from
any party defendant to the original petition, nor was any
matter at all supplemental in character alleged against
them.

The statute concerning the enforcement of mechanics'
liens then in force and governing this proceeding, is explicit,
that, "suit shall be commenced within two years after
filing such claim with the clerk of the Circuit Court, or the
lien shall be vacated." Chap. 82, Sec. 28, Hurd's Rev. Stat.,
Ed. of 1893.

It has been frequently held that the statute operates as a
bar in favor of parties brought in by amendment after the
lapse of the time limited by the statute, and that, as to such
parties, the suit is begun at the date of the amendment
making them parties. Crowl v. Nagle, 86 Ill. 437; Dunphy
v. Riddle, 86 Ill. 22; Clark v. Manning, 95 Ill. 580; Bennitt
v. Wilmington Star Mining Co., 119 Ill. 9; Watson v. Gard-
ner, 119 Ill. 312.

The Mosiers, being so made parties defendant, filed their
general demurrer to the bill, but their demurrer was over-
ruled and they were given ten days to answer, which,
however, they never did, but were defaulted for want of
answer.

It is urged by defendant in error that because of the failure to answer after their demurrer was overruled, the Mosiers admitted that their interests, if any, were acquired subsequent to the rights of the defendant in error.   If the Mosiers had an interest in the premises—and the amendment alleged that they had, or claimed to have, some interest therein, either as purchasers, judgment creditors, or otherwise—they were made parties too late to avoid the bar of the statute, as we have already seen, and for anything shown by the record, their demurrer was well taken.   They were not, therefore, bound to answer a petition which was defective as to them, but might rely, as they have done, for a protection of their rights by this proceeding in error.

The case is argued by the defendant in error as though there were something in the record that shows the Mosiers acquired their interest *pendente lite*.   Such is not the effect of the allegations contained in the amendment.   If that were the fact, it should have been made to appear by way of supplement, if at all, though, if they were purchasers *pendente lite*, from a defendant to the suit, they need not have been made parties at all.

However, as to the Mosiers, it being conceded in the brief of plaintiffs in error that they conveyed the premises to their co-plaintiff, The Number Four Fidelity Building and Savings Union, by deed dated February 6, 1896, which was before they were made parties, although said deed was not recorded until March 30, 1896, the decree ought not to be reversed as to them because they were, when made parties, and still are, without interest in the subject-matter.

But as to the plaintiff in error, The Number Four Fidelity Building and Savings Union, its separate assignment of errors shows that it purchased the premises from the said Mosiers on February 6, 1896, by deed not recorded until March 30, 1896, which was after the Mosiers had been made parties, and alleges itself to be entitled to the error in the proceedings in not making the Mosiers, its grantees, parties defendant until more than two years after the filing of the claim for lien with the clerk of the Circuit Court.

Standing as the pleading of the party, and no issue of

fact or of law being taken upon it, the facts set up in the assignment of errors must be accepted as true.

It would seem, therefore, that the Savings Union became a purchaser *pendente lite* from persons as to whom the decree was erroneous, and that it has a right as such purchaser to prosecute its writ of error.

One who is a party or privy to the record, or injured by the judgment, and who will, consequently, derive advantage from its reversal, may bring a writ of error to reverse the judgment. 2 Tidd's Practice, star page 1135; Hill's Heirs v. Hill's Executors, 6 Ala. 166, and authorities there collected; Dupree v. Perry, 18 Ala. 34.

The decree *pro confesso* taken against the Mosiers, under the averment of the amendment that their interest in the premises was subsequent and subject to that of the mechanic's lien holder, would conclude them and all persons claiming under them, unless attacked, and therefore the decree works an injury to the Savings Union, to avoid which it must, we think, have a clear right to prosecute proceedings to reverse it.

And the decree having been erroneous as to the Mosiers, for reasons already stated, it is so, also, as to their grantee, The Number Four Fidelity Building and Savings Union, who purchased from them *pendente lite*.

The decree is therefore affirmed as to Horace H. Mosier and ———— Mosier, his wife, and is reversed as to the said plaintiff in error, The Number Four Fidelity Building and Savings Union, but without remanding the cause, as no further proceedings therein can be had against said Savings Union.

Affirmed in part and reversed in part.