JOHN McMAHON, Respondent, v. DAN TURNEY et al., Appellants.

St. Louis Court of Appeals, May 5, 1891.

1. **Practice, Trial:** JUDGMENT : CONSTRUCTIVE SERVICE. When the defendant in an action is served by publication only, there cannot be a personal judgment against him.

2. ——: ——. A judgment entry must dispose of the case as against all of the defendants.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

REVERSED.

*Zach J. Mitchell* and *John A. Lewis,* for appellants.

*Carl Otto,* for respondent.

ROMBAUER, P. J.—This is an action by a subcontractor to recover the reasonable value of work and labor which he claims he furnished to the defendants, who are charged in the petition as principal contractors for the erection of a building. The petition sought also the establishment of a lien against the property, but that feature was abandoned upon the trial, and the

petition dismissed as against the owners. The defendant Turney, who is a non-resident, was sought to be brought in by publication, on what theory is inconceivable, as no personal judgment could be rendered against him on such service ( *Bombeck v. Devorss*, 19 Mo. App. 38), and as it is not pretended that any lien against his property was sought to be established. The defendants, Gitten, Brockschmidt and Nelson, appeared by attorney and filed general denials. The cause was tried by a jury, and judgment rendered against them for the amount claimed by the plaintiff.

The transcript filed here is very imperfect, and in many respects unintelligible, so that it is nearly impossible to tell from it who the parties appealing are, and we can only conjecture that the defendants, Gitten, Brockschmidt and Nelson, are probably the appellants. The judgment entry makes no disposition of the defendant owners, nor does it make any disposition of the defendant Turney, except in the following manner: "It is, therefore, considered and adjudged by the court that the petition of plaintiff be taken as confessed as against said Turney, and that plaintiff have judgment accordingly." As the plaintiff under the conceded facts of service upon Turney could have no personal judgment against him, and as no judgment against his property is sought, this judgment, whatever it may mean, is clearly erroneous, as it does not make the only disposition of Turney, which could be made of him, that is a judgment of dismissal. A judgment entry must dispose of all the defendants.

We have deemed it proper to call attention to these irregularities in the record to prevent their recurrence in similar cases, although we are compelled to reverse the judgment for a reason going beyond these technical defects; namely that there is no evidence to support it.

The plaintiff's petition as above seen charges the defendants appealing as original contractors for the erection of the building on which plaintiff did this

work, and alleges that the work was done at their request. The petition does not charge these defendants as partners of Turney, or as partners among themselves, nor is there a tittle of evidence in the record that they were either one or the other. The plaintiff gave in evidence a written contract between the owners and the defendants in which all the defendants are described as cocontractors (but not as copartners); but the plaintiff also states that he knew nothing of the existence of such a contract until after the work done by him was completed. Conceding that by the terms of this contract all the defendants were jointly liable to the owners for the completion of the work, how can the contract work an estoppel in favor of this plaintiff who knew nothing of it. The plaintiff does not pretend that he had any dealings with anyone but Turney, and does not pretend that Turney in his dealings with him ever purported to bind anyone but himself, even if he had power to do so, of which last fact there is also no evidence in the record.

It seems to be supposed by the plaintiff's counsel that this hiatus in the proof is supplied by the testimony of the architect, who says that in drawing the contract he made the defendants partners, but this oral evidence has no probative force, in view of the recitals of the contract which does not make them partners. It is simply an interpretation of the contract by the architect, which is opposed to the legal interpretation of the instrument, and as such it necessarily goes for naught.

In addition to the foregoing, we may say that the evidence shows there is no equity in plaintiff's claim. It appears by the uncontroverted and unimpeached testimony of one of the defendants that none of the defendants except Turney had any beneficial interest in this contract. It further appears by the plaintiff's evidence that he receipted for this work to Turney, for the purpose of enabling the latter to collect the money from the owners, which he did, but that, instead of paying

the money to the plaintiff as promised, he (Turney) absconded with it.

As the only person against whom the plaintiff can have any claim under the evidence is Turney, and as no personal judgment can be rendered against Turney (who was brought in by publication) in this proceeding, there is no reason for remanding the cause.

Judgment reversed.   All the judges concur.