DANIEL F. BOMBECK, Appellant, v. WILLIAM DEVORSS ET AL., Respondents.

Kansas City Court of Appeals, October 26, 1885.

1. MECHANIC'S LIEN—ACTION—PARTIES.—An action to enforce a mechanic's lien against the owner of the property sought to be subjected, cannot be maintained unless the contractors with him for the work are also made parties defendant. Revised Statutes, sect. 3180. And if suit is not brought against all the parties within the required time for instituting such suits, it is barred by the statute limitation.

2. PRACTICE—OBJECTIONS TO EVIDENCE—SERVICE.—Where no personal service was had upon the *contractors*, as in this case, but service by publication only, the court had no power to render judgment against them, and properly refused to permit plaintiff to introduce any evidence against them.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

Statement of case by the court.

On the fourth day of March, 1876, a petition was filed with the clerk of the circuit court in the case of Daniel F. Bombeck v. William Devorss. As to that petition the record in this case shows only this. The petition itself is not in this record.

On the nineteenth day of January, 1877, Daniel F. Bombeck filed an amended petition, making William Devorss, Jefferson B. Baker and Eli Moore co-defendants.

An order of publication was granted as to defendants Baker and Moore. The amended petition sought to enforce against the property of Devorss a mechanic's lien, for material furnished for and work done upon Devorss' building. It was alleged in the amended petition that Baker and Moore, as partners, were the contractors with Devorss for the erection of his building, and that plaintiff did the work and furnished the material, in suit, under a contract with Baker and Moore. It was also alleged in the amended petition that the plaintiff " on the fourteenth day of January, 1876, filed his said account and bill of items of his said demand. * * * "

The defendant, Devorss, for himself, moved " the court to strike out and exclude from the record herein the plaintiff's amended petition herein, and to dismiss this suit as to this defendant, for the following reasons, to-wit:

" 1. Because the record in this case shows that this action was originally brought by plaintiff, as such contractor on account for work and labor done and material furnished Baker and Moore, original contractors therefor, and against this defendant, William Devorss, for the purpose of foreclosing a mechanic's lien as against a certain building owned by this defendant, upon which it was claimed said alleged work and material was furnished in the year 1875, without making said original contractors, Baker and Moore, defendants therein.

" 2. Because said original petition shows upon its face that there was no cause of action against this defendant, and the amended petition herein was filed at the present term of court and undertakes to make said Baker and Moore co-defendants with this defendant without leave or order of court first had, and states an entirely different cause of action.

" 3. Because, even though said Baker and Moore can thus be properly made defendants herein without leave or order of court first had therefor, the record herein shows that no suit was instituted by plaintiff as against said defendants, Baker and Moore, on said ac-

count, or to foreclose said lien within the time required by law for so doing, and it is shown by the record herein that there is no cause of action existing in favor of plaintiff as against this defendant.

"4.  *  *  *

"5.  *  *  *

"6.  *  *  *"

The court sustained said motion and dismissed said cause as to defendant Devorss.

Upon the case coming on for trial the court refused to permit the plaintiff to introduce any evidence to sustain the allegations of the amended petition against defendants, Baker and Moore.

The plaintiff has appealed to this court.

E. O. HILL and ALLEN H. VORIES, for the appellant.

I.   Under the statute suit was brought in less than ninety days after the lien was filed, and that is sufficient. Amended petition can be filed and new parties made, which was done in this case, and if Baker and Moore were necessary parties, being non-residents, an order of publication was the only way to reach them. Revised Statutes, Art. 6.

II.   As plaintiff sought an enforcement of his mechanic's lien, judgment against the property owned by defendant, Devorss, was the only one that could have been rendered.

III.   The original petition being filed within ninety days after the lien was filed, the amended petition filed afterwards could not affect or destroy plaintiff's rights.

No brief on file for respondents.

## I.

HALL, J.—The trial court properly dismissed the case as to defendant Devorss, for the third reason set out in Devorss' motion.

This action could not be maintained against Devorss, the owner of the building, without Baker and Moore,

with whom plaintiff had his contract, being made parties defendant.

Section 3180 of the Revised Statutes provides that "in all suits under this article the parties to the contract shall * * * be made parties * * *."

By section 3187 of the Revised Statutes it is provided that all such actions shall be brought within ninety days after filing the lien.

By filing the petition against Devorss alone the plaintiff did not institute a suit against Devorss and Baker and Moore. The suit against Devorss and Baker and Moore should have been commenced within ninety days after the filing of the lien; and as that suit was commenced by the filing of the amended petition it was not commenced in the required time.

## II.

The court properly refused to permit the plaintiff to introduce any evidence against defendants, Baker and Moore. No personal service was had upon them or either of them. Service by publication only was had upon them. Under such circumstances the court had no power to render judgment against them. Section 3184 of Revised Statutes.

The judgment of the circuit court is affirmed. All concur.