HORACE F. McADOW et al., Respondents, v. W. H.
MILTENBERGER et al., Appellants.

St. Louis Court of Appeals, May 10, 1898.

1. **Mechanics' Lien:** CONTRACT: PRACTICE, TRIAL.  Plaintiffs state
   in their petition that the contract under which material was fur-
   nished was made with two defendants jointly, and having made this
   solemn statement in their pleading, they were properly precluded
   from denying it on the trial by showing that the contract was
   divisible.

2. ———: ———: ———: STATUTORY CONSTRUCTION.  Where an indi-
   vidual account of one of the parties to a joint account and joint
   contract is incorporated in and confused with the account of materials
   furnished on the joint account a mechanic's lien will not lie under
   section 6729, Revised Statutes 1889.  Plaintiffs might have had in
   the case at bar separate liens on all the houses, but the pleadings
   and evidence do not establish a general or blanket lien on all the
   houses for which material was furnished under separate contracts.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN A. TALTY, Judge.

REVERSED as to all defendants except W. H. Milten-
burger and O. D. Whittier.

F. N. JUDSON and JOHN F. GREEN for appellant.

The contract for the mantels being the joint con-
tract of Miltenberger and Whittier, plaintiffs lost their
right to a mechanics' lien by joining in one lien
account the items furnished under said joint contract,
with the other items furnished under contracts with
W. H. Miltenberger alone.  Plaintiffs should have
filed separate lien accounts and separate suits to estab-
lish and enforce them, because they were different
parties with separate and distinct rights.  Allen v.
Smelting Co., 73 Mo. 688; Dugan v. Higgs, 43 Mo.

App. 161; Henry v. Mahone, 23 Mo. App. 83; O'Connor v. Lumber Co., 111 Mo. 190; Gauss v. Hussman, 22 Mo. App. 115. The contract of July 16, 1895, is clear, precise and unambiguous in its terms, and contains the entire agreement of the parties. Therefore, no parol testimony as to what the parties intended or did under it should have been admitted, to explain or vary its terms. And the court should have found that it is the joint and several contract of Olin D. Whittier and W. H. Miltenberger. State v. Hoshaw, 98 Mo. 361; Thompson v. Irwin, 42 Mo. App. 421; Tracey v. Union Iron Works, 104 Mo. 198. Losing their lien on houses 4125 and 4133, plaintiffs must also lose their lien on house and lot 4129, because it is not contiguous to the lots on which are houses 4103 to 4121. And since the lien can not be established against these three houses, plaintiffs can not get their lien against the remaining six: *First.* Either for the whole amount against the six houses because such a judgment would allow a lien against six houses for labor and material which never entered into them, i. e., for the labor and material which went into the three houses. *Second.* Nor for six ninths of the whole bill against the six houses: *First.* Because no such issue is presented by the pleadings. When a lien claimant files his lien claim under the statute, seeking to establish a blanket lien on buildings erected on contiguous lots under one contract, he is not required to allege or prove what proportion of the labor or material went into each of the houses, nor is the defendant expected to be prepared to go into such an inquiry; nor into an inquiry as to the material and labor which went into any number of houses less than the whole. *Second.* While the account filed may be a just and true account of material and labor which went into nine of the houses (under the blanket lien statute) for houses erected on

contiguous lots under one general contract, it is not a just and true account against six of them for the material and labor which went into six; not only is it not a just and true account in itself, but no attempt was made, and none could be made under the lien account filed and the pleadings, to show what proportion of the material and labor, and the value thereof, went into six of the nine houses; whether it was six ninths of the whole bill, or more or less. Lumber Co. v. Nelson & Haydel, 71 Mo. App. 110; Barnett's Ex'x v. Murray, 52 Mo. App. 500; Poppert v. Wright, 52 Mo. App. 576.

R. M. NICHOLS for respondent.

In the establishment of a mechanics' lien the only necessary parties are the contractor and the owner of the property. Respondents seek herein only the establishment of their lien, not its foreclosure. Lumber Co. v. Ballentine, Etc., Co., 54 Mo. App. 172; Lumber Co. v. Oliver, 65 Mo. App. 435; R. S. 1889, sec. 6713. Miltenberger was the admitted owner and contractor; and while Whittier occupies the position of having signed the contract, if he is a joint contractor with Miltenberger, under the statute the contract was joint and several, and it was sufficient to make one of the parties contracting a party to the suit. Putnam v. Ross, 55 Mo. 116; Foster v. Wulfring, 20 Mo. App. 85; Hasset v. Rust, 64 Mo. 327. Where two persons are named in a lien as original contractors, if one of them is shown not to be a contractor, and has no interest, it does not invalidate the lien. Bldg. P. M. Co. v. Huber, 42 Mo. App. 438; Putnam v. Ross, 55 Mo. 116. It was permissible to embrace in the lien account the goods furnished under the contract with Miltenberger for the mantels, the goods furnished

under the contract with Miltenberger for the two extra mantels, and the goods furnished under the contract with Miltenberger for the tiling, so long as the lien was filed within six months from the date of the last item. Kern v. Pfaff, 44 Mo. App. 34; Bruns v. Braun, 35 Mo. App. 337; Kearney v. Wurdeman, 33 Mo. App. 456.

BLAND, P. J.—In March, 1895, Miltenberger was the owner of a lot of ground fronting three hundred and forty feet on the north line of Lindell Boulevard in the city of St. Louis, which he subdivided into nine lots and commenced the erection thereon of nine dwelling houses, numbered 4103, 4107, 4111, 4115, 4117, 4121, 4125, 4129 and 4133. On June 27, 1895, Miltenberger and wife executed nine deeds of trust, each of which covered one of these houses, all of which were recorded June 28, 1895. Six of these trust deeds were made to August Gehner, for Joseph Dormitzer, to secure the payment of $8,000 loaned on each of the six houses. Two of the deeds of trust covering houses numbers 4125 and 4133 were to Joseph STATEMENT. Dormitzer, trustee, to secure two notes for $8,000, each payable to the estate of Marc Eidlitz, of New York. The remaining deed of trust was to Joseph Dormitzer, trustee, to secure a note of $8,000, payable to Otto M. Eidlitz. On September 24, 1895, said Wm. H. Miltenberger and wife conveyed houses 4107, 4111 and 4129 to Ellen J. McKee; on January 2, 1896, they conveyed house number 4103 to Chas. A. Kanther, and on January 4, 1896, they conveyed houses 4117, 4121, 4125 and 4133 to Bernard M. Verdin. On the twentieth day of January, 1896, the executors of the estate of Marc Eidlitz assigned the deed of trust on the house number 4125 and notes thereby secured, to Robert J. Eidlitz, and the deed of

trust on house number 4133 Lindell, and notes thereby secured, to Mathilda Eidlitz. Each of these assignments was by deed, which was acknowledged and duly recorded in the recorder's office of the city of St. Louis, on the seventh day of February, 1896. On the twenty-eighth day of January, 1897, Joseph Dormitzer, trustee, under the deed of trust securing said notes originally made payable to the "estate of Marc Eidlitz," sold the property covered by these deeds, viz.: Houses 4125 and 4133, Lindell Boulevard, under the power of sale therein contained, and Bernard F. Hufft purchased these houses at said sale for the sum of $8,000 each. And thereafter on February 1, 1897, said B. F. Hufft executed a deed of trust to Joseph Dormitzer, trustee for Robert J. Eidlitz, on house number 4125 to secure a loan of $8,000, and on the same day executed a deed of trust to Dormitzer, trustee for Mathilda Eidlitz, to secure a loan of $8,000 on house number 4133. John F. Green purchased house number 4103 at trustee's sale thereof.

Plaintiffs furnished the materials and did the work sued for under three separate contracts, all of which were made subsequent to the execution of the nine deeds of trust on these houses, executed on the twenty-seventh day of June, 1895. The first of these three separate contracts was dated July 16, 1895, and is as follows:

"St. Louis, July 16th, 1895.
9 houses on Lindell
For building 6 houses on Delmar
"W. H. Miltenburg

"We agree to furnish for Mr. Olin D. Whittier the following mantels, grates and tiling, all set complete, in first class manner, for four thousand, three hundred dollars.

| QUANTITY. | MANTEL AND CABINET NO. | MAKES. | FINISH. | TILE OPENING. | FACING. | HEARTH. | GRATE. | ROOM | PRICE. |
|---|---|---|---|---|---|---|---|---|---|
| 15 | 536 | P. | White and Gold | Reg. | 6 x 1½ White | To Match | Brass Head | Parlor | |
| 15 | 592 | ,, | Asst. Oak | ,, | 6 x 1½ Red May. | ,, | I. B. 62 N. J. N. | Halls | |
| 15 | 542 | ,, | ,, | ,, | 6 x 1½ Col. 6 | ,, | I. B. 61 N. J. N. | Dining | |
| 15 | 523 | ,, | ,, | ,, | 6 x 11½ Col. Onyx | ,, | I. B. 43 N. J. N. | Over Parlor | |
| 15 | 246 | E. & S. | ,, | ,, | 6 x 1½ Col. 15 | ,, | I. B. 39 N. J. N. | Hall | |
| 15 | 566 | P. | ,, | ,, | 6 x 1½ Col. Onyx | ,, | I. B. 42 N. J. N. | Over Dining | |
| 1 | 226 | E. & S. | ,, | ,, | 6 x 1½ Col. 18 | ,, | I. B. S. N. J. N. I. B. 67 | Library | |
| 91 | | | | | | | | | |
| Mantels Cor. Lindell. | | | | | | | | | $4,300.00 |

Remarks:   All frames to be brass bead except hall, which is wrought iron.   Terms cash.

Accepted, OLIN D. WHITTIER, W. H. MILTENBERGER.

Signed McADOW BROS.

At the time this contract was made, W. H. Miltenberger and Olin D. Whittier were the joint owners of the six houses on Delmar boulevard, referred to in the contract, each of them owning an undivided one half interest therein. They had executed their six joint deeds of trust on this property to get funds to erect improvements. The mantels for all the fifteen houses were bought by Miltenberger and Whittier in one contract, in order to get cheaper prices, or as plaintiffs expressed it at the hearing, "in order to get wholesale rates."

The second contract was for tiling for the bath and toilet rooms, and was made September 8, 1895, between Miltenberger on the one part and plaintiffs on the other.

The third contract was also between plaintiffs and Miltenberger, and was for two extra mantels, which were placed in house number 4103. Plaintiffs furnished the materials and did the work in controversy between the last day of July, and the nineteenth day of November, 1895.

Plaintiffs filed their lien account in the circuit clerk's office on the twenty-third day of January, 1896. In this lien account plaintiffs did not LIEN account. make a separate statement of the materials furnished under the said three separate contracts, but they alleged that the said materials were all furnished by them under a joint contract with Wm. H. Miltenberger and Olin D. Whittier, and alleged that Miltenberger and Whittier were jointly indebted to them for the value of all the materials set out in the lien account. On the same day plaintiffs also filed their petition in the case. The parties defendant therein were W. H. Miltenberger, Joseph Dormitzer, Joseph Dormitzer trustee for estate of Marc Eidlitz of New York City, August Gehner, trustee,

Ellen J. McKee, Chas. A. Kanther, Bernard M. Verdin, and D. L. Dyas.

It alleged that the materials set out in the account were all furnished by plaintiffs to W. H. Miltenberger and Olin D. Whittier under a joint contract, and the value of the materials and labor was the sum of $3,593.50, and that Miltenberger and Whittier had made payments on account, from time to time, amounting to $2,300, leaving a balance of $1,293.50, for which it alleged they were jointly and severally liable to plaintiffs.

It alleged that the nine houses were all erected on contiguous lots under one general contract, and it prayed for a personal judgment against W. H. Miltenberger and Olin D. Whittier, or either of them, and a blanket lien on the nine houses and lots described in the petition.

Neither the executors of the estate of Marc Eidlitz of New York, nor Olin D. Whittier, nor Robert or Mathilda Eidlitz were made parties to the original petition. Some time after the petition was filed, certain of the defendants filed their motion to make Olin D. Whittier a party defendant, for the reason that he and said Miltenberger were joint contractors with plaintiffs for the materials and labor which entered into said buildings. This motion was sustained. Thereupon plaintiffs by leave of court, amended their petition, making said Whittier party defendant.

On December 18, 1896, plaintiff by leave of court amended their petition and made Robert J. Eidlitz and Mathilda Eidlitz parties defendant. They appeared and filed a joint demurrer to the amended petition, for the reason that suit had not been brought against them within ninety days from the time the lien account was filed in the clerk's office. This

VOL. 75 app—23

demurrer was sustained, and no further pleading was ever filed against these two defendants.

On the ninth day of February, 1897, plaintiffs amended their petition by making John F. Green and Bernard F. Hufft parties defendant, alleging that John F. Green had acquired house number 4103, Lindell boulevard, by purchase at a trustee's sale thereof, and that Hufft had, on the twenty-seventh day of January, 1897, acquired houses number 4125 and 4133 by purchase under the foreclosure of the deeds of trust thereon.

Olin D. Whittier filed answer denying that he was jointly liable with Miltenberger for the materials entering into the construction of the Lindell boulevard houses. All the other defendants, except Robert J. and Mathilda Eidlitz, answered denying each and every allegation of the petition. Plaintiff dismissed as to Bernard M. Verdin, who died after the institution of the suit.

The cause was referred to Judge Daniel Dillon to try all the issues therein. At the hearing before the referee, the attorneys for Robert J. and Mathilda Eidlitz objected to any evidence under the petition, as against these two defendants, on the ground that the court had already sustained their demurrer to the petition, which objection the referee overruled, and said defendants saved their exceptions.

Plaintiff was permitted by the referee to testify that, of the materials furnished for fifteen houses under the written contract of July 16, 1895, he charged those which went into the six houses on Delmar boulevard on his books to Olin D. Whittier alone, and that he charged those going into the nine houses on Lindell boulevard against W. H. Miltenberger alone; that he rendered his bills for the mantels in the Delmar avenue houses to Olin D. Whittier, and bills for the

mantels in the Lindell avenue houses to Miltenberger alone.

Defendants, except Olin D. Whittier, objected to the introduction of this evidence on the ground that the written contract of July 16, 1895, was on its face clear and unambiguous and could not be explained, varied or modified by parol testimony. The referee overruled defendant's objections to this testimony and they saved their exceptions.

At the conclusion of the testimony, defendants filed a motion asking that, if the referee should find that the contract of July 16, 1895, was not a joint contract, but the separate contract of Miltenberger for the mantels in the nine houses, in that event the plaintiff be compelled to elect upon which of three separate causes of action, improperly combined in the petition, they would stand, which motion the referee overruled, to which ruling the defendants excepted.

Thereafter the referee filed a full and lengthy report of his proceedings, in which he found the value of the mantels and labor furnished by plaintiff to each one of the nine houses and the proportion of credit that should be applied to each one of the houses from the payment of the $2,000 on the general contract. He also found the value of the tiling that went into each one of the nine houses and the value of plaintiffs' labor for putting it in, and gave to each of the accounts so found its due proportion of the payment of $300 on the tiling contract. He found that plaintiffs were not entitled to judgment against Whittier; that they were not entitled to a lien upon any of the lots and houses described in the petition, but were entitled to a personal judgment against W. H. Miltenberger for $1,438.81. Plaintiffs in due time filed their exceptions to the report of the referee, which were by the court sus-

tained, and upon the evidence taken and the findings of the facts by the referee, the court rendered judgment for Whittier and gave judgment for plaintiffs against W. H. Miltenberger for $1,438.81 (the amount found by the referee). The court also found that plaintiffs were entitled to a mechanic's lien against the several lots of ground and separate buildings erected thereon and described in the petition, and found the amount that should be charged against each of the nine lots and buildings and gave separate liens and rendered a separate judgment against the lots and buildings. In due time Robert and Mathilda Eidlitz filed their motion for new trial, which was overruled, whereupon an appeal was taken by them, in which defendants B. F. Hufft, Joseph Dormitzer, Joseph Dormitzer, trustee, Ellen McKee, John Green and August Gehner, trustee, joined.

The lien paper filed and the lien sought to be enforced is a blanket one, covering nine contiguous lots and houses thereon situated, all belonging to one owner, and is based on section 6729, Revised Statutes 1889. At the very threshold of inquiry in this case the question of lien or no lien presents itself. The petition states that the contract to furnish the material was made with Miltenberger and Whittier. The first contract (the original one) for the material is a contract for fifteen houses and is the joint and several contract of Miltenberger and Whittier, accepted and signed by both. On its face it indicates, and the evidence proves that the furnishings mentioned in the contract were for nine houses for Miltenberger and for six houses for Whittier, but that fact did not sever the contract and make it the separate contract of Miltenberger for nine houses and the separate contract of Whittier for six houses, nor is there any separate statement in the

CHARACTER of lien.

contract of the amount of material that Miltenberger or that Whittier should receive under the contract.

So far as the contract shows on its face, the plaintiff sold and agreed to deliver to Miltenberger and Whittier the mantels mentioned and described in the contract, and not so many to Miltenberger and so many to Whittier. It may have been understood between the parties that so many mantels were to be delivered for the nine Miltenberger houses and so many more for the six Whittier houses, but it is not so written in the contract. Plaintiffs in their petition state that the contract was made by them with Miltenberger and Whittier. Having made this solemn statement in their pleading, they were precluded from denying it on the trial by showing that the contract was divisible. Weil v. Posten, 77 Mo. 284; Kuhn v. Weil, 73 Mo. 213; Bruce v. Sims, 34 Mo. 246; Wilson v. Albert, 89 Mo. loc. cit. 537. The evidence disclosed the further fact that after the making of the contract with Miltenberger and Whittier for the materials, the plaintiffs sold to Miltenberger two extra mantels for house number 4103 of the value of $94.50, and that they by another contract made with Miltenberger alone furnished tiling for the bath and toilet rooms of the nine Miltenberger houses of the value of $900. The accounts for this tiling and the two extra mantels are incorporated in and confused with the account of materials furnished on the Miltenberger and Whittier account. It therefore plainly appears that plaintiffs did not furnish the material and labor charged in their lien account, under one general contract with Miltenberger, and that they can not have a lien under section 6729, *supra*. They might have had separate liens on all the houses, but the pleadings and evidence do not establish a general or blanket lien on all the houses.

PARTIES are bound by their pleadings.

Again, it is quite apparent that a part of this account, viz.: $94.40 for the two extra mantels, was for number 4103, and specially ordered for that house. It can not be claimed in any view of the case that these two mantels were furnished under a general contract for mantels for all the buildings, or that any or all of the other eight houses can be charged with a lien for the payment of any portion of this item. This item was lienable against number 4103 only. By including it in the general lien account against all the houses, the plaintiffs lost (if any they had) their entire lien for failing to file a just and true account as required by the statute. Coe v. Ritter, 86 Mo. 277; Foster v. Wulfing, 20 Mo. App. 85; Murphy v. Murphy, 22 Mo. App. 18; Burrough v. White, 18 Mo. App. 229; Nelson v. Withrow, 14 Mo. App. 270. We agree with the learned referee that the plaintiffs are not entitled to a lien against any of the lots and houses described in the petition, and reverse the judgment as to all the defendants, except as to W. H. Miltenberger and Whittier; the judgment as to them is affirmed. All concur. Judge BIGGS in the result.