RUMSEY & SIKEMIER COMPANY, Appellant, v. PIEFFER et al., Respondents.

St. Louis Court of Appeals, November 29, 1904.

1. **MECHANIC'S LIEN:** Petition: Original Contractor. Under section 4223 of the Revised Statutes of 1899, in an action to enforce a mechanic's lien for material furnished to a subcontractor, the original contractor is a necessary party in order that he may defend the action.

2. ———: ———: Amendments: Limitations. After ninety days have elapsed from the time of filing the lien, it is too late, in an action to enforce such lien, to amend the petition bringing in a new party.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins*, Judge.

AFFIRMED.

*James M. Sutherland* for appellant.

The court erred in refusing plaintiff the right to amend by bringing in E. F. Nolte as a party defendant. R. S. 1899, sec. 4211; R. S. 1899, sec. 4218; Steinman v. Stumple, 29 Mo. App. 482; State Co. v. Insurance Co., 62 Mo. App. 569; Holland v. Cunliff, 96 Mo. App. 67, 67 S. W. 737; Horstkotte v. Menier, 50 Mo. 158.

*M. C. Early* and *Geo. W. Lubke, Jr.*, for respondents.

(1) The original contractor is a necessary party in a suit before a justice of the peace to establish a mechanic's lien and a failure to join him as a party defendant renders the judgment void for want of jurisdiction. And when a justice of the peace has no jurisdiction, the circuit court can acquire none on appeal. Lumber Co. v. Schuler, 49 Mo. App. 190; Reinhardt v. Kempf, 72 Mo. App. 646; Russell v. Grant, 122 Mo. 161, 26 S. W. 958; R. S. 1899, sec. 4223. (2) The statute is mandatory as to the time within which a mechanic's lien suit must be instituted and after the lapse of the time prescribed by law, the court is without jurisdiction to extend the limitation by thereafter allowing an amendment and permitting new defendants to be brought in. R. S. 1899, secs. 4207, 4211 and 4218; Fury v. Boeckler, 6 Mo. App. 24; Bombeck v. Devorss, 19 Mo. App. 38; Smith v. Barrett, 41 Mo. App. 460; K. C. Press Brick Co. v. Barker, 50 Mo. App. 60; Minor v. Tilley, 54 Mo. App. 627; Lee v. Chambers, 13 Mo. 240.

GOODE, J.—The plaintiff (appellant) is an incorporated company. Lewis A. J. Lippelt and Emma Lippelt were the owners of premises in the city of St. Louis on which buildings were erected in 1902. It is alleged that Lewis A. Lippelt, as trustee and Florence H. Liebke have an interest in the premises. This appeal was taken by said owners and the other parties interested in the premises. The original contractor with the owners for the erection of the buildings was Edward H. Nolte. The defendant Wm. J. Pieffer was a subcontractor under Nolte for the plumbing work done in the buildings. The plaintiff company furnished Pieffer his plumbing materials, on the price of which Pieffer left an unpaid balance of over four hundred dollars; for which, in due time, plaintiff filed a lien under the statutes providing for liens in favor of mechanics and materialmen. This action to enforce the

lien was instituted against Pieffer and the owners, but Nolte, the original contractor, was not made a party. The lien account was filed December 27, 1902, and the action instituted January 31, 1903. Judgment was entered by the justice of the peace March 4, 1903, against William J. Pieffer for $407.12 and costs, and declared a lien on the premises. The owners appealed March 12, 1903, the appeal being returnable to the October term of the St. Louis circuit court. On November 10, 1903, the appellants in the circuit court (the owners of the buildings) filed a motion in said court to dismiss the cause for the reason that the original contractor, Nolte, had not been made a party to the action. This motion was continued until the February term, 1904. Meanwhile, at the December term, 1903, plaintiff's counsel filed a motion praying leave to file an amended petition making Nolte a defendant. This motion was likewise continued to the February term, and on February 3, 1904, was overruled and the motion to dismiss the action sustained. From that judgment the plaintiff appealed to this court.

Two points are raised by the plaintiff's counsel against the correctness of the judgment of the circuit court dismissing the action: First, that the original contractor was no necessary defendant, because plaintiff furnished the plumbing material, not to him, but to a subcontractor; second, that if Nolte was a necessary party, plaintiff should have been allowed to bring him in by an amended petition. Both those points have been decided adversely to the contention of the plaintiff. There are two sections of the statutes which bear on the question of who should be made parties to a mechanics' lien suit. By one of those sections (4211) it is required that all parties to the contract shall be made parties to the action; while all other persons interested in the matter in controversy, or the premises to be charged with the lien, may be made parties. The contract referred to in that section we take to be

the contract under which the material or labor, which is the subject-matter of the lien, was furnished. The parties to that contract in the present case were the plaintiff and the defendant Pieffer. But another section (4223) says that in all cases where liens are filed by any person other than the contractor, it shall be the duty of the contractor to defend any action brought thereon at his own expense; and during the pendency of such action the plaintiff may withhold from such contractor the amount for which the lien is filed; and in case judgment goes against the owner or his property for the lien, he is entitled to deduct from the amount due to the contractor the amount of the judgment and costs; and if he has already settled with the contractor in full, he is entitled to recover back from the latter any amount paid by him for which the contractor was originally liable. Now, by virtue of that section it has become definitely decided that though the lienor furnished the unpaid-for material or labor under contract with a subcontractor, nevertheless, in suing to enforce his lien, he must make the original contractor a party in order that the latter may defend the action. Horstkotte v. Menier, 50 Mo. 158; Johnson, etc. Lumber Co. v. Schuler, 49 Mo. App. 90.

When plaintiff first asked leave to file an amended petition to make Nolte a party defendant, the lien had already expired. And as an action to enforce a mechanics' lien must be brought within ninety days against the necessary parties, the privilege of amendment was requested too late. This was adjudged in Fury v. Boeckler, 6 Mo. App. 24; Bombeck v. Devorss, 19 Mo. App. 38. No judgment under the lien could have been rendered against Nolte, nor could he be called on to defend an action on the lien after the latter had expired.

The judgment is affirmed. All concur.