BADGER LUMBER COMPANY, Appellant, v. MARGARET C. STALEY et al., Respondents.

Kansas City Court of Appeals, February 7, 1910.

1. MECHANIC'S LIEN: Time for Filing Suit: Adding Parties Theretofore Dismissed. .Where suit to enforce a mechanic's lien is filed against several defendants in due time and is thereafter dismissed as to some of said defendants and said defendants are thereafter brought in again by amended petition, the action cannot be maintained against such defendants so brought in, if at the time they are thus brought in again the time for filing suit has expired. The amended petition is as to them the filing of a new suit.

2. ———: ———: ———: To Right not to Remedy. A party seeking to enforce a mechanic's lien must bring himself within the statute providing for such enforcement. The time for filing suit is not a period of repose but is a limit to the existence of the lien.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Botsford, Deatherage & Creason* for appellant.

The suit having been commenced within ninety days after the filing of the lien, it was proper to permit the plaintiff to file its amended petition making new parties who had an interest in said property by virtue of deeds of trust upon the same, and such new parties could be brought in after the period of ninety days had elapsed from the time of the filing of the lien. Schulenberg v. Hayden, 146 Mo. 596; Lumber Co. v. Harris, 131 Mo. App. 94; Brick Works v. Flanagan, 87 Mo. App. 340; Wheeler v. Milling Co., 73 Mo. App. 672; Mann v. Schroer, 50 Mo. 306; Newman v. Railroad, 19 Mo. App. 100.

*Sebree, Conrad & Wendorff* and *Roy B. Thompson,* for E. E. Porterfield, Trustee, J. S. Chick, H. S. Conrad, Trustee, F. E. Colvin and B. E. Ford.

(1)  The statutory period of ninety days, within which an action must be brought to enforce a mechanic's lien, is not a period of repose to bar actions, but a limit to the existence of the lien. Fury v. Boeckler, 6 Mo. App. 24; Bombeck v. Devorss, 19 Mo. App. 38. (2) The time of filing an amended petition bringing in new parties as defendants is the commencement of the suit as to the new parties so brought in. Lumber Co. v. Wright, 114 Mo. 236; Smith v. Barrett, 41 Mo. App. 460; Fury v. Boeckler, 6 Mo. App. 24; Bombeck v. Devorss, 19 Mo. App. 38; Jaicks v. Sullivan, 128 Mo. 177; St. Joseph v. Baker, 86 Mo. App. 310; Forrey v. Holmes, 65 Mo. App. 114; Eyermann v. Scollay, 16 Mo. App. 498; Boisat on Mechanic's Liens, sec. 577; Sutton v. Dameron, 100 Mo. 141; Dunphy v. Riddle, 86 Ill. 22; Crowl v. Nagel, 86 Ill. 437; McGraw et al. v. Bayard,

96 Ill. 146; Clark v. Manning, 95 Ill. 580; Seibs v. Engelhardt, 78 Ala. 508; Union Nat'l, etc., Assn. v. Helberg, 152 Ind. 141.

JOHNSON, J.—Action to enforce a mechanic's lien for material furnished under contract with the owner of the premises. The account accrued April 13, 1906. Default being made in its payment, plaintiff filed a mechanic's lien October 11, 1906, and on January 7, 1907, began suit to enforce the lien by filing a petition in the circuit court of Jackson county. The property was encumbered by three deeds of trust, one to the Kansas City Life Insurance Company, one to Joseph S. Chick, and one to F. E. Colvin. These parties, together with their respective trustees, Fred W. Fleming, E. E. Porterfield and H. S. Conrad, were made defendants, as was the owner of the premises, Margaret C. Staley. All of the defendants were served with summons and all filed answers. The trial of the cause was begun November 29, 1907, but was not concluded. Plaintiff, for some reason, not now important, procured a continuance, after dismissing from the suit defendants Fleming, Porterfield, Chick and the Life Insurance Company. The trustee in the second deed of trust (the one held by Chick) then advertised and sold the property under the trust deed to Benjamin E. Ford. An attorney for plaintiff attended the sale and warned bidders of plaintiff's lien. On June 23, 1908, plaintiff, by leave of court filed an amended petition making as new parties defendants Fleming, Porterfield, Chick, Ford and the Life Insurance Company. Summonses were issued and served and the new defendants appeared and answered. At the ensuing trial, the court gave judgment against defendant Staley in favor of plaintiff but against plaintiff as to the other defendants. The ground on which they were let out was that the suit as to them was not commenced in the time prescribed by statute. Plaintiff appealed and

contends that it should have prevailed against all the defendants. It is not denied that the lien paper was filed in proper time (sec. 4207, R. S. 1899) nor that suit was commenced within ninety days from the filing of the lien as required by section 4218, but it is claimed by the successful defendants that when they were voluntarily dismissed from the action, plaintiff's right to enforce its lien was lost and could not be revived against the dismissed defendants by a subsequent amendment to the petition.

Section 4218, Revised Statutes 1899, provides: "All actions under this article shall be commenced within ninety days after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist, by virtue of the provisions of this article, for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon, as hereinbefore prescribed."

The right to a mechanic's lien is purely statutory, and while the rule is well established that the statutes giving the right are to be liberally construed, the right itself cannot be enlarged beyond the reasonable scope of the statute. We agree with what was said by the St. Louis Court of Appeals in Fury v. Boeckler, 6 Mo. App. 24: "The proceeding is special, and the person who claims under it must bring himself within its special provisions. The ninety days after which no lien is to continue to exist unless the conditions of the law are complied with are not provided as a period of repose, to bar actions; on the contrary, they are a limit to the existence of the lien."

If the plaintiff fail to bring his suit within ninety days after filing of the lien, his lien is lost and it may be considered as settled in this and other jurisdictions that the lien is preserved beyond the period of ninety days only as to those parties who are made defendants in a suit brought within that period. After its expiration new parties cannot be introduced by an amendment

to the petition. [Lumber Co. v. Wright, 114 Mo. 326; Smith v. Barrett, 41 Mo. App. 460; Bombeck v. Devorss, 19 Mo. App. 38; Jaicks v. Sullivan, 128 Mo. 177; St. Joseph v. Baker, 86 Mo. App. 310; Forrey v. Holmes, 65 Mo. App. 114; Eyermann v. Scollay, 16 Mo. App. 498; Boisat on Mechanic's Liens, sec. 577; Sutton v. Dameron, 100 Mo. 141; Dunphy v. Riddle, 86 Ill. 22; Crowl v. Nagel, 86 Ill. 437; Union Nat'l Assn. v. Helberg, 152 Ind. 139.]

The construction placed by plaintiff on section 4211, Revised Statutes 1899, is untenable. It may be true that it is optional with the lien claimant whether or not parties interested in the property at the time of the creation of the lien other than the parties to the contract be made defendants in a suit brought by him, but if such parties are not made defendants, they are not bound by the proceedings and, as we have said, they cannot be brought into the action after the expiration of the time fixed by the statute.

The court correctly disposed of the case, and the judgment is affirmed.

All concur.