## CHARLES HILLER, Respondent, v. LOUIS C. SCHULTE et al., Appellants.

St. Louis Court of Appeals, December 31, 1913.    Motion for Rehearing Overruled June 6, 1914.

1. **MECHANICS' LIENS: Limitation: New Parties.** As an action to enforce a mechanic's lien must, under Sec. 8228, R. S. 1909, be brought within ninety days after the filing of the lien, new parties cannot, after the lapse of that time, be brought in by amendment and be thus affected by the proceeding.

2. **PLEADING: Amendment: New Parties: Relation Back.** The rule that the filing of a petition is the commencement of a suit and that a subsequent amendment, properly made, relates back to such commencement, is applicable only to the defendants originally sued, and not to new parties brought in by such amendment; the suit, as to them, being deemed to have begun at the time they were made parties.

3. **MECHANICS' LIENS: Blanket Lien: Effect of Invalidity in Part.** In a proceeding to enforce a mechanic's lien, in blanket form, against several houses, which were owned, at the time of the trial, by different persons, where the items for material furnished and labor performed were included in one general lien account, and no attempt was made to separate the various items furnished for the different houses, plaintiff, on being denied a lien against one of the houses by reason of his failure to make the owner a party within the time limited by Sec. 8228, R. S. 1909, should be denied a lien against the other houses, since it was impossible, under the lien statement, to apportion the items among the several houses.

**REYNOLDS, P. J., dubitante.**

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQiullin,* Judge.

REVERSED.

*R. M. Nichols* and *Wm. L. Igo* for appellants.

The court erred in allowing the plaintiff to make the certain parties, and especially Florence M. Dale (the owner of the property), parties to the suit after ninety days from the date of filing the lien. R. S. 1909,

sec. 8228; Fury v. Boeckler, 6 Mo. App. 24; Bombeck v. Devorss, 19 Mo. App. 38; Smith v. Barrett, 41 Mo. App. 460; Western Brass Mfg. Co. v. Boyce, 74 Mo. App. 353; Rumsey & S. Co. v. Pieffer, 108 Mo. 486; Hicks v. Schofield, 121 Mo. 381.

*H. D. McCorkle* for respondent.

It is true that all necessary parties must be brought in within the ninety-day limit fixed by the statute. Bombeck v. Devorss, 19 Mo. App. 38; Rumsey v. Pieffer, 108 Mo. App. 486. Yet as to those persons who may be made parties in order to bind or affect their interest, but who are not necessary parties under the statute; there are no cases holding that these may not be brought in later. On reason and under authority of Sec. 8220 of the Revised Statutes of Missouri, 1900, it seems that they may be made parties after the ninety days have elapsed. Brick Works v. Flanagan, 87 Mo. App. 345; Newman v. Railroad, 19 Mo. App. 100; Western Brass Mfg. Co. v. Boyce, 74 Mo. App. 353; Knapp Bros. Mfg. Co. v. K. C. Stockyards Co., 152 S. W. 119; Rumsey v. Peiffer, 108 Mo. App. 486.

ALLEN, J.—This is an action to enforce a mechanic's lien for work and labor done and materials furnished for and upon thirteen two-story brick buildings, and the lots of ground upon which they are situated, located in the city of St. Louis. The lien statement was filed on June 16, 1906, and states that the work and labor done and materials furnished, as shown by the account therein set forth, were furnished by the said lienor under contract with defendant Louis C. Schulte. The account itself runs against "Louis C. Schulte (M. P. Hynson, agent)," and is for certain furnaces and pipes and other accessories pertaining thereto, and for certain work and labor done in and about installing all of the same.

Eleven of the buildings in question are upon contiguous lots fronting on Etzel avenue in the city of St. Louis, and two thereof upon adjacent lots fronting upon Clara avenue, and separated from the others by a private alley.

On September 13, 1906, plaintiff instituted this action to enforce the lien. In his petition filed at said time plaintiff named as defendants Louis C. Schulte, Montrose P. Hynson, W. M. McDade, F. W. Lovett, Chas. C. Nichols, trustee, and Frank C. Burdett. The original petition does not appear in the record. Subsequent to the institution of the suit, Hynson was adjudged a bankrupt, and on February 19, 1909, plaintiff filed what is designated as a "statement of parties in interest," and asked leave to make certain other persons defendants. The court granted this request, and on March 17, 1909, plaintiff filed an amended petition naming, in addition to the original defendants, the other parties as defendants in the cause, viz.: Wm. R. Orthwein, trustee in bankruptcy of M. P. Hynson, and certain other persons who were described in the amended petition as persons to whom portions of the property had been conveyed, or who held deeds of trust thereon. The amended petition avers that, at the dates of furnishing the materials and labor in question, defendant Schulte held title to the property, but held it in fact in trust for Hynson, to whom it in reality belonged.

On behalf of all the parties who were made defendants on March 17, 1909, excepting defendant Florence M. Dale, demurrers were filed, upon the ground that they were not made parties within ninety days after the filing of the lien, and also, as to a part of them, that they were neither necessary nor proper parties defendant, having purchased after the filing of the lien. These demurrers were overruled. Florence M. Dale, who was made a party defendant by the amendment, filed a motion to dismiss as to her,

for the reason that it appeared from the record that the suit had not been instituted against her within the time required by law. This motion was also over-ruled. And as to the parties made defendant on March 17, 1909, the answers filed set up that the suit was not instituted against these defendants within the period allowed by the statute in which to in-stitute an action for the enforcement of a mechanic's lien after the filing of the same.

The cause was referred to Benj. J. Klene, of the St. Louis bar, to try all of the issues. The referee duly heard the testimony and filed his report in the cause, wherein he made a very complete finding of facts, and recommended a judgment sustaining the lien. The court overruled the exceptions filed to the referee's report, and the case is here upon defend-ants' appeal.

In the view which we take of the case, it is un-necessary for us to set out the rather lengthy findings of the referee; but we shall confine ourselves to such of the facts as are essential to the determination of the case as we view it.

On October 12, 1904, Schulte, who then held the title to the property, conveyed the various lots, de-scribed in plaintiff's petition, by separate deeds of trust, to Chas. C. Nichols, as trustee for Fred W. Lovett, to secure certain promissory notes. There-after the said buildings were erected on the various lots, and on June 2, 1905, defendant Schulte conveyed to Florence M. Dale one of these lots, with the house and other improvements thereon, subject to one of the aforesaid deeds of trust. At the time that defend-ant Florence M. Dale acquired this house, no furnace had been installed therein, and it appears that Hyn-son, for whom Schulte held the title, and who really owned the property, agreed with Mrs. Dale that a furnace would be provided and installed in it. Later this was done, at or about the time when the furnaces

were installed in the other buildings, to-wit, about November, 1905.

It is perfectly clear that the suit was not begun as to Florence M. Dale within ninety days after the filing of the lien as required by section 8228, Revised Statutes 1909. The action was instituted within the prescribed ninety days, to-wit, on September 13, 1906; but Florence M. Dale was not made a party thereto until March 17, 1909, about two and one-half years thereafter. And it is well settled that, where parties are thus brought in by an amendment, the suit as to them is begun at the time of such amendment making them parties. The amended petition as to them is the filing of a new suit. And, as an action to enforce a mechanic's lien must be brought within ninety days after the filing of the lien, after the lapse of that time new parties cannot be brought in by amendment and be thus affected by the proceeding. [See Lumber Co. v. Staley, 141 Mo. App. 295, 125 S. W. 779; Rumsey v. Pieffer, 108 Mo. App. 486, 83 S. W. 1027; Bombeck v. Devorss, 19 Mo. App. 38; Fury v. Boeckler, 6 Mo. App. 24; 27 Cyc. 344; Watson v. Gardner, 119 Ill. 312, 10 N. E. 192. See, also, Riverside Lumber Co. v. Schafer, 251 Mo. 539, 158 S. W. 340; Smith v. Barrett, 41 Mo. App. 460; Forrey v. Holmes, 65 Mo. App. 114; St. Joseph v. Baker, 86 Mo. App. 310; Jaicks v. Sullivan, 128 Mo. 177, 30 S. W. 890.]

In Fury v. Boeckler, supra, this court said:

"The proceeding is special, and the person who claims under it must bring himself within its special provisions. The ninety days after which no lien is to continue to exist, unless the conditions of the law are complied with, are not provided as a period of repose to bar actions; on the contrary, they are a limit to the existence of the lien."

And as to the same effect is Lumber Co. v. Staley, supra, where the immediately foregoing excerpt is quoted approvingly. And such is likewise the

rule with respect to the existence of the lien of a special taxbill.     [See Smith v. Barrett; Forrey v. Holmes; St. Joseph v. Baker; Jaicks v. Sullivan, supra.]

Though it is well established that the filing of the petition is the commencement of an action, and that the general rule is that subsequent amendments properly made to the petition relate back to the institution of the suit, nevertheless this is applicable only to the defendants originally sued, and not to new parties brought in by any such amendment.     [See Jaicks v. Sullivan, supra, 128 Mo. 186, 30 S. W. 890.]

In the instant case it is beyond dispute that defendant Florence M. Dale, the owner of one of the thirteen lots, with the improvements thereon, described in plaintiff's petition, and against which the lien is sought to be enforced, acquired her title thereto prior to the time when the lien, if any, attached to the same.  She was not made a party to the suit within the prescribed time, and therefore is not affected by the proceeding; and, as to her property, the lien must fail.  As she was the owner of this house and lot at the time of the furnishing of the materials and the doing of the work in question, it would seem the only theory upon which a lien could be established against such property is that, by virtue of Hynson's agreement with her to install a furnace therein, the latter was her agent in making the contract with respect to the furnishing of the material and labor to and for her building.  Be this as it may, she was not made a party to the proceeding during the period for which the lien, as to her property, continued in existence, and she is not bound by the judgment.  [See authorities supra; also McLundie v. Mount, 145 Mo. App. 660, 123 S. W. 966; Nold v. Ozenberger, 152 Mo. App. 439, 133 S. W. 349.]

Learned counsel for respondent has cited us to Matthews v. Stephenson, 172 Mo. App. 220, 157 S. W.

887, as authority for the proposition that persons interested in the property against which the lien is sought to be enforced may be brought in and made parties defendant even after the lapse of ninety days after the filing of the lien. An examination of that case, however, readily discloses that the action was there instituted against all of the defendants in the first instance, though summons was not issued against the holder of a deed of trust until after the ninety days had elapsed. And as we have said, the rule is well established that the filing of the petition is the commencement of the suit, even though summons may not issue until some time later. [See South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811.] Hence in the Matthews case it was not sought, as here, to bring in parties by an amendment made more than ninety days after the filing of the lien; and that case does not support respondent's contention.

It must follow that, under the circumstances of this case, plaintiff's lien must fail *in toto*. This for the reason that the lien sought to be enforced is a blanket lien against all of the property mentioned in plaintiff's petition, of which that of Florence M. Dale forms a part. All of the materials furnished and all of the work and labor done for and upon all of the houses in question is included in one general lien account, consisting of a great many different items, and with no attempt made to separate the various items of labor and materials furnished for and upon the different houses. Liens have frequently been upheld against one or more of several houses where materials were furnished to all under one contract, where it was possible to identify the particular materials which went into the building or buildings against which the lien was sought to be enforced. [See Lumber Co. v. Realty Co., 150 Mo. App. loc. cit. 69, 130 S. W. 822, and cases cited.]. There was here no attempt to identify the particular material or labor

which went into or was performed upon any particular house. Aside from the furnaces, the account shows many different items of material and labor, and it is impossible to tell what portion thereof was furnished to or for the Dale house. The record shows that the other houses and lots are now owned by various persons, and these houses and lots cannot be made to bear the burden of the entire lien. In such cases the entire lien must necessarily fail. [See Schulenburg v. Vrooman, 7 Mo. App. 133; McAdow v. Miltenberger, 75 Mo. App. 346.]

There are various other questions involved in the appeal, and whether the judgment could be sustained against all other attacks made thereupon is a matter not free from doubt; but, in the view which we take of the case, it becomes unnecessary to discuss the other assignments of error, since we think it perfectly clear that the lien must fail for the reasons stated above.

Hynson, who, it is said, as the real owner, contracted with plaintiff for the furnishing of the materials and labor in question, died during the pendency of the suit. It appears that an application for letters of administration upon his estate was denied, and an order of no administration thereon made by the probate court; and hence there was no revival of the cause against his executor or administrator. With regard to this, the referee found that, since it was impossible to find any one against whom a personal judgment might be rendered, plaintiff was entitled to enforce the lien, without regard to a personal judgment against the contracting owner, or his legal representative. As to this we express no opinion, but merely mention the state of the record in this regard to indicate why no such personal judgment may be rendered herein.

For the reasons given above, the judgment of the circuit court must be reversed, without remanding the cause. It is so ordered. *Nortoni, J.,* concurs. *Reynolds, P. J.,* agrees to the result, although some-what doubtful.