Sheldon HOLLUB, d/b/a Roofers Supply
Company, Plaintiff-Respondent,

v.

Frank P. MOLEY and Marie Moley,
Defendants-Appellants,

James. R. Dalton, d/b/a J & D Roofing
Company, Defendant.

No. KCD 29918.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Roger J. Barbieri, Vito C. Barbieri, Barbieri, Combs & Gotschall, Kansas City, for defendants-appellants.

Richard A. Rubins, Joseph A. Cambiano, Rubins, Kase & Rubins, Inc., Kansas City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Plaintiff brought suit to establish a mechanic's lien for material furnished to a contractor to re-roof a residence owned by the defendants. The trial court imposed a mechanic's lien upon the premises owned by the defendants as a tenancy by the entirety.

The defendants raise a single issue—that the court erred in imposing a lien against the tenancy by the entirety property because the plaintiff failed to prove that the wife contracted jointly or expressly or impliedly made her husband her agent to contract with the plaintiff.

The defendants rely exclusively on *Kaufmann v. Krahling*, 519 S.W.2d 29 (Mo.App. 1975). *Kaufmann v. Krahling*, in fact, reversed the imposition of a lien based on the facts of that case. The holding in *Kaufmann* was grounded upon the principle that tenancy by the entirety is a whole estate with no divisible part and upon the unquestioned rule that one spouse may not encumber or adversely affect the tenancy by the entirety without the assent of the other spouse. *Kaufmann, supra,* however, recognizes that if the evidence supports a finding of joint participation in the acts creating the lien or if there is a logical inference of agency arising from the facts in evidence, then the lien may be imposed. *Robinson Lumber Co. v. Lowrey,* 276 S.W.2d 636 (Mo. App.1955); *Rimer v. Hubbert,* 439 S.W.2d 5 (Mo.App.1969); *Advance Concrete v. Ingels,* 556 S.W.2d 955 (Mo.App.1977).

The scope of review of this court-tried case is limited by Rule 73.01 as interpreted by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). There was evidence before the trial court on which the trial court could have found implied agency on the part of the husband to act on behalf of the tenancy by the entirety. The suit was brought against these defendants, husband and wife, and the original roofing contractor, one James Dalton. Dalton filed an answer admitting that there was a contract between Dalton as the roofing contractor and Frank and Marie Moley, defendants. The defendant, Frank Moley, testified, "[W]e've just got plaster in our house, and we had a few leaks and we had to get a new roof." He stated that the term "we" was in reference to him and his wife. He also testified

that she was present while the roof was being put on, and she raised no objections.

The plaintiff testified that when he called the Moley residence a woman identified herself as Mrs. Moley and stated " . . . [Y]es, they were going to have new roof put on . . ." Mrs. Moley did not appear to testify or to deny that she had contracted jointly with her husband. "[T]he failure of a party having knowledge of the facts and circumstances vitally affecting the issues on trial to testify in his own behalf . . . raises a strong presumption that such testimony would have been unfavorable and damaging to the party who fails to proffer the same." *Block v. Rackers,* 256 S.W.2d 760, 764 (Mo.1953).

Upon that evidence, this court cannot find that there was no substantial evidence to support a finding of implied agency.

Judgment of the trial court is affirmed.

All concur.